UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK A. HEGELMANN,                          Case No. _____

     Plaintiff,                              Hon. _____

v

THE CITY OF BATTLE CREEK,

     Defendant.
_____/

Ross E. Chapman (P27443)
BECK & CHAPMAN, P.C.
Attorney for Plaintiff
350 E. Michigan Ave., Suite 435
Kalamazoo, MI 49007
269-349-1400
rec@beckchapman.com


_____/

**COMPLAINT**


     Plaintiff, Erick A. Hegelmann, by and through his attorneys, and complains against the Defendant as follows:

1. Plaintiff was employed by Defendant in its police department as the Training Unit Administrator. Plaintiff has a disability that is unrelated to his ability to fulfill the responsibilities of his employment position with or without a reasonable accommodation. Plaintiff's employment was terminated due to his disability and/or due to Defendant regarding him as having a disability that would prevent him from fulfilling his duties. Defendant failed to engage in an interactive

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

process with Plaintiff to determine a reasonable accommodation for Plaintiff, and

it failed to provide to Plaintiff a reasonable accommodation. Defendant also

denied Plaintiff the opportunity for advancement due to his disability or his

perceived disability.

## JURISDICTION AND PARTIES

2. Original federal question jurisdiction over this private suit to enforce civil rights is

conferred on this court by 42 USC 12117, 42 USC 2000e-5(f)(3), 29 USC

626(c)(1) and 28 USC 1331.

3. Venue is properly laid in the U.S. District Court for the Western District of

Michigan pursuant to 28 USC 1391(b) because: the unlawful employment

practices occurred in this District; Plaintiff resides in this District; Defendant is

located in this District; Plaintiff formerly worked for Defendant in this District

when Plaintiff experienced Defendant's unlawful employment practices and his

resultant damages; and Plaintiff would be employed by Defendant in this District

in the absence of Defendant's unlawful employment practices.

4. Defendant City of Battle Creek is a municipality chartered under the laws of the

State of Michigan.

5. Defendant maintained and operated a police department for all times pertinent to

this Complaint.

6. Defendant is a person within the meaning of 42 USC 12111(5)(A).

7. Defendant meets all of the requirements for employer status under the ADA, 42

USC 12111(5)(A).

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

2

Hegelmann v the City of Battle Creek
Case No. _____

8. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within three hundred (300) days of the commission of the unlawful employment practice alleged in this claim.

9. Plaintiff was issued a Notice of Right to Sue by the Detroit Field Office of the U.S. Equal Employment Opportunity Commission, dated 8/20/19.

10. No more than ninety (90) days have elapsed since the Notice of Right to Sue was received by Plaintiff.

11. All administrative exhaustion requirements under the applicable statutes have been satisfied.

## STATEMENT OF FACTS

12. Plaintiff began his employment with the Defendant on 3/18/13.

13. Plaintiff was hired as a regular patrol officer in Defendant's police department.

14. Throughout the course of his employment with Defendant, Plaintiff received consistently stellar evaluations, regardless of the duty assignment where he was placed.

15. In February of 2016, Plaintiff requested an assignment in Defendant's police department other than that of a road patrol officer, following kidney surgeries and other surgeries that had been required over the course of several months.

16. Defendant reassigned Plaintiff to a non-road patrol position.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

3

Hegelmann v the City of Battle Creek
Case No. _____

17. The assignment to which Plaintiff was assigned was the position of Assistant
Training Unit Administrator in Defendant's police department, a position that is
sometimes called Officer in the Training Unit.

18. Plaintiff's primary disabling health condition is Hyper Cystinuria – Genetic
Kidney Stone Disease. Plaintiff has undergone over fifty (50) surgeries pertaining
to his Hyper Cystinuria. Plaintiff's secondary disabling health conditions include
back issues from his two (2) back surgeries that were followed by multiple pain
injections, and two (2) inguinal hernias that required two (2) surgeries for those
conditions.

19. Plaintiff's disabling health condition as pled in the preceding paragraph results in
a physical impairment that substantially limits one or more of Plaintiff's major
life activities, including sitting for long periods, walking, standing, lifting,
bending, the need for frequent restroom breaks, pervasive pain and other
discomfort, and working.

20. Plaintiff's symptoms include the need for frequent restroom breaks, difficulty
with lifting and sitting for long periods of time due to pain, and specifically
difficulty wearing a duty belt for road patrol officer work due to its weight and the
resulting severe pain.

21. Plaintiff was very capable of fulfilling and exceeding the requirements for the
position of Assistant Training Unit Administrator.

22. Plaintiff's direct supervisor, an officer that held the title of Training Unit
Supervisor, confirmed that Plaintiff's performance in his position as Assistant

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

4

Hegelmann v the City of Battle Creek
Case No. _____

Training Unit Administrator was exceptional, and that Plaintiff excelled in his position.

23. Plaintiff's direct supervisor stated:

    a.  Plaintiff was capable of becoming a supervisor;

    b.  Plaintiff was an invaluable asset for Defendant's police department;

    c.  Plaintiff would be a candidate for promotion to his position as Training Unit Supervisor if the supervisor was to leave his position.

24. Other supervisors in Defendant's police department similarly evaluated Plaintiff's performance in these exceedingly positive terms.

25. During 2017, Plaintiff began to experience harassment from co-workers pertaining to his disability.  Such harassment included, but was not limited to:

    a.  Calling Plaintiff "handicapped," stated in a manner as to be clearly derogatory in making reference to Plaintiff's disability;

    b.  Making the suggestion to the effect that Plaintiff should have "his ass kicked," but also indicating that that had better not happen because Plaintiff would just be off work for eight (8) more months;

    c.  Making the suggestion that Plaintiff should not go out and get the mail, because Plaintiff might be off work again after falling down.

26. Plaintiff brought these and other derogatory statements from co-workers to the attention of his supervisor, his former supervisor, and the Deputy Chief of Police, at or about mid-year 2017.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

27. Despite having brought these and other similar statements to the attention of his supervisor, his former supervisor, and the Deputy Chief, the derogatory statements based upon Plaintiff's disability continued.

28. In December 2017, Defendant commenced an aggressive process to try to get Plaintiff to resign his employment with Defendant.

29. The above-described aggressive process included, but was not limited to, at least three (3) meetings conducted by Defendant's outside counsel along with Defendant's Chief of Police and others.

30. The above-described meetings were intimidating for Plaintiff.

31. The above-described meetings were clearly undertaken with the objective of trying to force Plaintiff to resign from his employment.

32. Later in December 2017, after Plaintiff refused to resign, Defendant asked Plaintiff to have forms completed pertaining to his disability and his restrictions.

33. The forms were to be completed by Plaintiff's treating physician.

34. The forms were accompanied by a position description for a road patrol officer, the position that Plaintiff occupied prior to his assignment to Assistant Training Unit Administrator almost two (2) years earlier.

35. To enable Plaintiff's physician to reasonably assess his condition against the actual duties of his present employment position, Plaintiff provided to his treating physician two (2) position descriptions:

    a. The position description for a road patrol officer, which was the position that Plaintiff occupied prior to his placement into the position of Assistant Training Unit Administrator almost two (2) years before;

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

        b.  A position description that Plaintiff created that accurately described his responsibilities in the position that he currently occupied and which he had occupied for almost two (2) years, Assistant Training Unit Administrator.

36. Plaintiff's physician for his Hyper Cystinuria filled out the forms.

37. The physician's completed forms were delivered to Defendant on or about 1/3/18.

38. The forms completed by Plaintiff's physician stated that Plaintiff would continue to be capable of fulfilling his duties in his current position which is also the position that he had occupied for almost two (2) years, Assistant Training Unit Administrator.

39. The forms completed by Plaintiff's physician also stated that Plaintiff would be unable to fulfill duties of a road patrol officer due to his disability.

40. The forms completed by Plaintiff's physician provided to Defendant the information necessary for Defendant to engage in an interactive process with Plaintiff to determine the reasonable accommodation that could be provided to Plaintiff.

41. Defendant failed to engage in an interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff.

42. Defendant failed to provide to Plaintiff a reasonable accommodation.

43. Plaintiff's employment was terminated by Defendant on 3/7/18.

44. In the past, Defendant had placed employees in assignments that were other than road patrol when they were unable to fulfill the duties of a road patrol officer, then permitting these employees to continue in their non-road patrol assignments.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

7

Hegelmann v the City of Battle Creek
Case No. _____

45. Just prior to the termination of Plaintiff's employment, Plaintiff's direct supervisor announced that he wished to transfer out of his position as Training Unit Administrator.

46. Defendant solicited bids for the position of Training Unit Supervisor.

47. Plaintiff inquired about bidding for the position of Training Unit Supervisor.

48. Defendant told Plaintiff that it would not allow Plaintiff to bid on the position.

49. Defendant denied Plaintiff the opportunity to bid on the position of Training Unit Supervisor.

50. The position of Training Unit Supervisor was filled by another employee of Defendant.

## COUNT I

## DISABILITY DISCRIMINATION

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Plaintiff is an individual with a disability within the meaning of 42 USC 12102(1) of the Americans with Disability Act ("ADA").

53. Plaintiff is a qualified individual with a disability within the meaning of the ADA. 42 USC 12111(8).

54. Plaintiff is an individual who did and could perform all the essential functions of his job as a Training Unit Administrator, with or without a reasonable accommodation.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

8

Hegelmann v the City of Battle Creek
Case No. _____

55. Defendant required Plaintiff to obtain a certification from his physician that he was able to fulfill the responsibilities of a position description, i.e. Police Officer (i.e. "Patrol Officer").

56. The responsibilities for the position description for Police Officer (i.e. "Patrol Officer") were outside the scope of the responsibility requirements for the employment position that Plaintiff occupied, Training Unit Administrator.

57. It was a violation of ADA for Defendant to require a medical certification from Plaintiff's physician that he could fulfill the responsibility requirements for an employment position that was not Plaintiff's employment position. 42 USC 12112(d)(4)(A).

58. Defendant terminated Plaintiff's employment when his medical certification revealed that Plaintiff could not fulfill the responsibility requirements for an employment position that was not Plaintiff's employment position.

59. Defendant terminated Plaintiff's employment because of his disability. 42 USC 12112(a).

60. Defendant conducted itself with discriminatory animus, malice, and with reckless indifference to Plaintiff's federally protected rights.

61. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of fringe and retirement benefits; loss of career opportunities; humiliation and embarrassment; mental anguish; emotional distress; medical expenses; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of his choice.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

9

Hegelmann v the City of Battle Creek
Case No. _____

## COUNT II

### FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Defendant failed to engage in an interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff.

64. Defendant failed to reasonably accommodate Plaintiff's disability by its actions/inactions, including but not limited to, the following:

    a. Failing to continue Plaintiff's employment in the position of Training Unit Administrator;

    b. Failing to allow Plaintiff to bid for the position of Training Unit Supervisor.

65. Defendant conducted itself with discriminatory animus, malice, and with reckless indifference to Plaintiff's federally protected rights.

66. By failing to engage in an interactive process with Plaintiff and to reasonably accommodate Plaintiff's disability, Defendant violated the law.  42 USC 12112(a).

67. As a direct and proximate result of Defendant's failure to reasonably accommodate Plaintiff's disability, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of fringe and retirement benefits; loss of career opportunities; humiliation and embarrassment; mental anguish; emotional distress; medical expenses; and loss of

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

the ordinary pleasures of everyday life, including the right to pursue the gainful

occupation of his choice.

## COUNT III

### FAILURE TO ALLOW PLAINTIFF TO BID FOR POSITION

68. Plaintiff incorporates by reference all preceding paragraphs.

69. Plaintiff is an individual who could perform all the essential functions of the

Training Unit Supervisor, with or without a reasonable accommodation.

70. Defendant conducted itself with discriminatory animus, malice, and with reckless

indifference to Plaintiff's federally protected rights.

71. Defendant's failure to allow Plaintiff to bid for the position of Training Unit

Supervisor denied Plaintiff an advancement opportunity to which he was entitled.

42 USC 1211(a).

72. As a direct and proximate result of Defendant's denial of the opportunity for

Plaintiff's advancement, Plaintiff has sustained injuries and damages including,

but not limited to, loss of earnings and earning capacity; loss of fringe and

retirement benefits; loss of career opportunities; humiliation and embarrassment;

mental anguish; emotional distress; medical expenses; and loss of the ordinary

pleasures of everyday life, including the right to pursue the gainful occupation of

his choice.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

## COUNT IV

## DISABILITY DISCRIMINATION BECAUSE PLAINTIFF

## WAS REGARDED AS DISABLED

73. Plaintiff incorporates by reference all preceding paragraphs.

74. Plaintiff was regarded by Defendant as having an impairment that prevented him from fulfilling the responsibilities of his employment position.

75. Defendant's conclusion that Plaintiff had an impairment that prevented him from fulfilling the responsibilities of his employment position with or without an accommodation was false.

76. The termination of Plaintiff's employment was a consequence of Defendant's false conclusion that Plaintiff had an impairment that prevented him from fulfilling the responsibilities of his employment position with or without an accommodation.

77. The termination of Plaintiff's employment violated the law.  42 USC 12102(1)(C); 42 USC 12102(3).

78. The failure of Defendant to permit Plaintiff to bid for the position of Training Unit Supervisor was a consequence of Defendant's false conclusion that Plaintiff had an impairment that prevented him from fulfilling the responsibilities of his employment position with or without an accommodation.

79. Defendant's failure to permit Plaintiff to bid for the position of Training Unit Supervisor was a violation of law.  42 USC 1211(a).

80. Defendant conducted itself with discriminatory animus, malice, and with reckless indifference to Plaintiff's federally protected rights.

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

12

Hegelmann v the City of Battle Creek
Case No. _____

81. As a direct and proximate result of Defendant's regarding Plaintiff as having a

disability that prevented him from fulfilling the position responsibilities of either

Training Unit Administrator or Training Unit Supervisor, Plaintiff has sustained

injuries and damages including, but not limited to, loss of earnings and earning

capacity; loss of fringe and retirement benefits; loss of career opportunities;

humiliation and embarrassment; mental anguish; emotional distress; medical

expenses; and loss of the ordinary pleasures of everyday life, including the right

to pursue the gainful occupation of his choice.


**RELIEF**

**WHEREFORE**, Plaintiff asks the Court to enter Judgment in Plaintiff's favor

and against Defendant, as follows:

1. Order Defendant to make Plaintiff whole, by providing appropriate back pay with

   prejudgment interest, and front pay in lieu of reinstatement, in amounts to be

   determined at trial, and all other affirmative legal and equitable relief necessary to

   eradicate the effects of its unlawful employment practices;

2. Order Defendant to pay Plaintiff liquidated, compensatory, and punitive damages

   in an amount to be determined at trial;

3. Order Defendant to pay Plaintiff his reasonable attorney's fees and costs and other

   legal expenses incurred by Plaintiff in this matter;

4. Order Defendant to pay Plaintiff an additional amount to offset the negative tax

   consequences of the balance of the court's award, in order to effectuate the

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*
———
Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Hegelmann v the City of Battle Creek
Case No. _____

essential purpose of the remedial goal expressed in the statutes, of making whole

the victim of discrimination;

5. Award such other legal and equitable relief as the court deems appropriate and

just.


**A jury trial is demanded as to all issues triable to a jury.  FRCVP 38.**


BECK & CHAPMAN, P.C.


Dated: 11/13/19

/s/_____
Ross E. Chapman
Attorney for Plaintiff


**BECK & CHAPMAN, P.C.**

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417